**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

3376 LAKE SHORE, LLC,

        Plaintiff,

vs.                                         Case No.  3:14-cv-632-J-34PDB

LAMB'S YACHT CENTER, INC., f/k/a
MAYPORT DEVELOPMENT, INC.,
NIGHTINGALE LAMB, INC., DOWNING
NIGHTINGALE, III, DOWNING
NIGHTINGALE, JR., LAMB'S INC.,
BRONSON E. LAMB, and UNKNOWN
TENANT(S),

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

On June 2, 2014, Plaintiff filed its Foreclosure Complaint (Doc. No. 1; Complaint), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  See Complaint ¶ 8.  Plaintiff further asserts the amount in controversy exceeds

$75,000. Id. In the Complaint, Plaintiff alleges that it is "a limited liability company organized under the laws of California with its principal place of business in California and is therefore a citizen of California." Id. Further, Plaintiff alleges that Defendants Lamb's Yacht Center, Inc., Nightingale Lamb Inc., and Lamb's Inc. are corporations incorporated under the laws of Florida with their principal places of business in Duval County, Florida, and thus, are citizens of Florida." Id. at ¶¶2-3, 6. As to Defendants Downing Nightingale, III, Downing Nightingale, Jr. and Bronson E. Lamb, III, Plaintiff alleges that each "is an individual who resides in Duval County, Florida and is a citizen of the State of Florida. Id. ¶¶ 4-5, 7. Plaintiff also brings this suit against "Unknown Tenant(s)" but does not make any allegations as to their citizenship. See Complaint at 1. Upon review of these allegations in the Complaint, the Court is unable to determine that it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374

F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, Plaintiff identifies itself an LLC, but incorrectly alleges its citizenship as though it were a corporation. Accordingly, additional information regarding the citizenship of each of Plaintiff's members is necessary to determine Plaintiff's citizenship.[1]

Moreover, because Plaintiff has named "Unknown Tenant(s)" as Defendants whose citizenship is unknown, the Court is unable to determine that total diversity and therefore subject matter jurisdiction exists. Controlled Env't Sys. v. Sunn Process Co., 936 F. Supp. 520, 522 (N.D. Ill 1996). In responding to this Order, Plaintiff should address whether the presence of fictitious defendants precludes the existence of diversity jurisdiction. See McAllister v. Henderson, 698 F. Supp. 865, 868-70 (N.D. Ala. 1988); see also Howell v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.").

In light of the foregoing, the Court will give Plaintiff an opportunity to provide the Court with additional information to establish its citizenship as well as authority to support its intention to proceed against unknown defendants in this diversity action.[2] Accordingly, it is

**ORDERED**:

---

[1] Plaintiff is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Plaintiff shall have until **July 7, 2014**, to provide the Court with sufficient information and authority so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on June 5, 2014.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc16
Copies to:

Counsel of Record
Pro Se Parties