**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

3376 LAKE SHORE, LLC,

        Plaintiff,

vs.                                              Case No. 3:14-cv-632-J-34PDB

LAMB'S YACHT CENTER, INC., f/k/a
MAYPORT DEVELOPMENT, INC.,
NIGHTINGALE LAMB, INC., DOWNING
NIGHTINGALE, III, DOWNING
NIGHTINGALE, JR., LAMB'S INC.,
BRONSON E. LAMB, and UNKNOWN
TENANT(S),

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Notice of Citizenship (Doc. No. 8; Notice), filed on June 18, 2014. On June 5, 2014, after reviewing Plaintiff's Foreclosure Complaint (Doc. No. 1; Complaint), the Court entered an Order (Doc. No. 5; Jurisdictional Order) noting that Plaintiff asserted in the Complaint that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 but that Plaintiff had not properly alleged its own citizenship. Therefore, in its Jurisdictional Order, the Court directed Plaintiff to provide the Court with sufficient information so that it could determine whether it has jurisdiction over this action. See Order at 3-4. Plaintiff then filed its Notice to address the jurisdictional issue the Court raised.[1]

---

[1] While the Court also questioned the existence of diversity jurisdiction in light of the presence of unknown defendants, see Jurisdictional Order at 3, Plaintiff has since voluntarily dismissed those parties. See Notice at 1-2; Plaintiff's Notice of Voluntary Dismissal without
(continued...)

In the Notice, Plaintiff represents that it is a limited liability with one member, a Delaware limited partnership with two general partners[2]—a California limited liability company and a Chilean limited liability association. See Notice at 1. While Plaintiff informs the Court that the members of each of those unincorporated entities are individuals, it alleges only the state in which those individuals reside. As these members are individuals, this representation is insufficient to establish their citizenship. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

Additionally, in making the above representations as to Plaintiff's membership, Plaintiff discloses only the nature but not the identities of its single member and the respective members of each derivative entity. Without knowledge of the identity and citizenship of the members of Plaintiff, the Court is unable to determine whether complete diversity exists between Plaintiff and Defendants. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each

---

[1](...continued)
Prejudice as to Defendant, Unknown Tenant(s) (Doc. No. 7).

[2] While it appears based upon Plaintiff's representations that the two general partners are the only parties to the partnership, Plaintiff should clarify whether there are limited or other partners.

member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot trace Plaintiff's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks, 592 F.3d at 419, the Court will afford Plaintiff another opportunity to provide the Court with sufficient information to establish its citizenship and this Court's diversity jurisdiction over the instant action.

Accordingly, it is **ORDERED**:

Plaintiff 3376 Lake Shore, LLC shall have until **July 18, 2014,** to provide the Court

with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of June, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:

Counsel of Record